8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John REED, Defendant-Appellant.
 No. 93-5212.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 20, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-92-157-P)
 Randolph M. Lee, Charlotte, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John Reed was convicted by a jury of two counts of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1993). He contends that the district court erred in determining his criminal history category by deciding that two prior sentences were not related cases under United States Sentencing Commission, Guidelines Manual, § 4A1.2 (Nov. 1992). We affirm.
 
 
 2
 Prior sentences which are related are treated as one sentence. U.S.S.G. § 4A1.2(a)(2). Sentences are considered related if they resulted from offenses which occurred on the same occasion, were part of single common scheme or plan, or were consolidated for trial or sentencing. Two offenses cannot be considered related if a defendant is arrested for one offense before committing the second offense. U.S.S.G. § 4A1.2, comment. (n.3).
 
 
 3
 State records disclosed that Reed was arrested on August 8, 1979, and convicted on October 5, 1979, of selling cocaine. He was arrested on November 27, 1979, and convicted on February 8, 1980, of selling cocaine. The second sentence was made concurrent to the first. No further information was available. The cases were not consolidated for trial or sentencing, and the state case numbers do not indicate that the cases were initiated at about the same time. Although Reed's attorney asserted during the sentencing proceeding that Reed had told him the offenses were part of the same set of transactions, Reed presented no evidence to show that they occurred on the same date or were part of a single common scheme or plan. A defendant has the burden of showing that information in the presentence report which he disputes is inaccurate. United States v. Terry, 916 F.2d 157 (4th Cir. 1990). The district court was justified, therefore, in assuming that Reed committed the second offense after his arrest for the first one, and treating the cases as unrelated.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED